[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16115
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

D.C. Docket No. 09-00261-CR-01-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN RIOS-GALACIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 6, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Martin Rios-Galacia appeals the thirty-month sentence imposed following his guilty plea for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). After review of the record, we affirm.

Rios-Galacia contends that his sentence, which falls within the advisory guidelines range, is substantively unreasonable under 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 260-62, 125 S. Ct. 738, 764-66 (2005) (holding that the United States Sentencing Guidelines are advisory and that a sentence within or outside the applicable guidelines range is reviewed for unreasonableness). He argues that a below-guidelines sentence was warranted in light of his history of employment, his work ethic, his devotion to his family, his ongoing rehabilitation, and the victimless nature of his crime. According to Rios-Galacia, a sentence of fewer than thirty months would be a just punishment under the circumstances and would satisfy the government's interest in deterring others from illegally reentering the United States after deportation.

We examine whether a sentence is reasonable in light of the record and the § 3553(a) factors.[1] This court will not reverse a sentence unless "left with the definite

---

[1]The factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation and citation omitted).

After considering the circumstances of Rios-Galacia's case and considering the § 3553(a) factors, the district court imposed a sentence at the low end of the guidelines range. The court concluded that a sentence of thirty months was appropriate for several reasons, including: (1) the need to deter others who would "refuse to conform their conduct to the laws" (R.3-33 at 31); (2) Rios-Galacia's criminal history, which demonstrated "an escalating pattern of severity" (*id.* at 25); and (3) his history of "misconduct in virtually all aspects of his life." (*Id.* at 20.) Rios-Galacia has not met his burden to show that the court abused its discretion in determining that a thirty-month sentence was appropriate, especially considering that the sentence was at the bottom end of the advisory guidelines range of thirty to thirty-seven months. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) (noting that there appears to be "no post-*Booker* case in our circuit where a sentence within the advisory guidelines range was held unreasonable."). The sentence imposed was substantively reasonable.

AFFIRMED.